1    WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9    George E. Cavender,                )    CIV 11-8032-PCT-NVW (MHB)
                                         )
10              Petitioner,              )    **REPORT AND RECOMMENDATION**
                                         )
11   vs.                                 )
                                         )
12   Charles L. Ryan, et al.,            )
                                         )
13              Respondents.             )
                                         )
14   _____)

15   TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

16            On March 3, 2011, Petitioner George E. Cavender, who is confined in the Arizona

17   State Prison Complex-Lewis, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to

18   28 U.S.C. § 2254 (Doc. 1).  Respondents filed an Answer on August 19, 2011 (Doc. 13), and

19   despite having an opportunity to do so, Petitioner has not filed a reply.

20                              **BACKGROUND**

21            Arizona Gang Task Force officers pulled over a vehicle driven by Petitioner for traffic

22   violations.  (Doc. 13, Exh. A at 2.)  After making a traffic stop and determining that one of

23   the passengers had an outstanding warrant for his arrest, the officers searched the cab of the

24   truck and found two marijuana cigarettes.  (Doc. 13, Exh. A at 2.)  They also found a larger

25   amount of compressed marijuana, later determined to be a little less than one pound, wrapped

26   in a grocery bag in the bed of the truck, which was covered by a shirt.  (Doc. 13, Exh. A at

27   2.)  A search of that bag revealed two small bags of methamphetamine, approximately seven

28   grams each and a scale.  (Doc. 13, Exh. A at 2.)

1    After a jury trial, Petitioner was convicted and, subsequently, sentenced to aggravated

2  sentences of 12 years for possession of dangerous drugs for sale and 7 years for possession

3  of marijuana for sale, and a 3.75-year presumptive term for possession of drug paraphernalia,

4  with all sentences to run concurrently.  (Doc. 13, Exh. A at 4.)  The Arizona Court of

5  Appeals affirmed Petitioner's convictions and sentences on direct appeal, rejecting his

6  contentions that (1) insufficient evidence supported his convictions, and (2) Petitioner's

7  sentences violated Blakely v. Washington, 542 U.S. 296 (2004).  (Doc. 13, Exhs. A, B, C.)

8  On May 25, 2005, the Arizona Supreme Court denied Petitioner's Petition for Review.  (Doc.

9  13, Exhs. D, E.)

10    On July 7, 2005, Petitioner initiated state post-conviction relief (PCR) proceedings

11  by filing a notice of PCR.  (Doc. 13, Exh. F.)  After receiving a series of continuances,

12  however, Petitioner never filed a PCR petition, and the trial court dismissed the PCR

13  proceedings on December 10, 2008.  (Doc. 13, Exh. G.)  Petitioner did not file a petition for

14  review of the trial court's dismissal.

15    On March 3, 2011, Petitioner filed the instant habeas petition.  Petitioner presents

16  three grounds in the Petition in support of his request for habeas relief:

17    (1) "Was it unconstitutional malfeasance for defense counsel not to ask for
     dismissal when he was aware that he had a "Terry Stop" by the police and a
18    4th Amendment unlawful search and seizure without a warrant and total
     violation of Miranda rights[?]";
19
     (2) "Should the conviction for possession of drugs for sale be reduced to
20    simple possession[?];" and

21    (3) "Does the [Blakely] decision render A.R.S. 13-702, 702.01, and 903,
     unconstitutional and if so does [P]etitioner have to be re-sentenced to the
22    presumptive term[?]"

23    Respondents filed an Answer on August 19, 2011.  Petitioner has not filed a reply

24  despite having the opportunity to do so.

25                                    **DISCUSSION**

26    In their Answer, Respondents contend that Petitioner's habeas petition is untimely and

27  must be dismissed.

28

1    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

2    statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.

3    See 28 U.S.C. § 2244(d)(1).  The statute provides:

4        A 1-year period of limitation shall apply to an application for a writ of habeas
         corpus by a person in custody pursuant to the judgment of a State court.  The
5        limitation period shall run from the latest of –

6        (A) the date on which the judgment became final by the conclusion of direct
         review or the expiration of the time for seeking such review;
7
         (B) the date on which the impediment to filing an application created by State
8        action in violation of the Constitution or laws of the United States is removed,
         if the applicant was prevented from filing by such State action;
9
         (C) the date on which the constitutional right asserted was initially recognized
10       by the Supreme Court, if the right has been newly recognized by the Supreme
         Court and made retroactively applicable to cases on collateral review; or
11
         (D) the date on which the factual predicate of the claim or claims presented
12       could have been discovered through the exercise of due diligence.

13       "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period

14   within which a petitioner can file a petition for a writ of certiorari from the United States

15   Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe,

16   188 F.3d 1157, 1158-59 (9th Cir. 1999).  Additionally, "[t]he time during which a properly

17   filed application for State post-conviction or other collateral review with respect to the

18   pertinent judgment or claim is pending shall not be counted toward" the limitations period.

19   28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  A state

20   petition that is not filed, however, within the state's required time limit is not "properly filed"

21   and, therefore, the petitioner is not entitled to statutory tolling.  See Pace v. DiGuglielmo,

22   544 U.S. 408, 413 (2005).  "When a postconviction petition is untimely under state law, 'that

23   [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

24       A post-conviction petition is "clearly pending after it is filed with a state court, but

25   before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th

26   Cir. 2004).  In Arizona, post-conviction review is pending once a notice of post-conviction

27   relief is filed even though the petition is not filed until later. See Isley v. Arizona Department

28   of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).  An application for post-conviction relief

1   is also pending during the intervals between a lower court decision and a review by a higher

2   court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold,

3   536 U.S. 214, 223 (2002)). However, the time between a first and second application for

4   post-conviction relief is not tolled because no application is "pending" during that period.

5   See Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The

6   petitioner was "not entitled to tolling during the interval between the completion of one

7   round of state collateral review and the commencement of a second round of review.").

8   Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations

9   period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d

10  820, 823 (9th Cir. 2003).

11      The statute of limitations under AEDPA is subject to equitable tolling in appropriate

12  cases. See Holland v. Florida, —— U.S. ——, ——, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130

13  (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been

14  pursuing his rights diligently and (2) that some extraordinary circumstances stood in his

15  way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S.

16  at 418).

17      The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely.

18  Petitioner's direct review period became final on August 23, 2005 – 90 days after the

19  Arizona Supreme Court's May 25, 2005 denial of review. See Bowen, 188 F.3d at 1158-59

20  (§ 2244(d)(1)(A)'s direct review period "includes the period within which a petitioner can

21  file a petition for a writ of certiorari from the United States Supreme Court"); Rule 13.1,

22  Rules of the United States Supreme Court (affording parties 90 days from entry of order

23  denying discretionary review by state court of last resort in which to seek certiorari). On July

24  7, 2005, however, Petitioner initiated state PCR proceedings, which tolled the limitations

25  period. The request for post-conviction relief remained pending until December 10, 2008,

26  when the trial court dismissed the proceedings because Petitioner failed to file a PCR

27  petition. Petitioner failed to seek appellate review of the dismissal, and Petitioner's

28  conviction, therefore, became final on January 9, 2009 – 30 days after the trial court

1  dismissed his PCR proceedings. See Ariz.R.Crim.P. 32.9(c) (establishing a 30-day time limit

2  for petitioning the Arizona Court of Appeals to review trial court's dismissal of PCR

3  petition). The AEDPA statute of limitations began to run the next day, January 10, 2009, and

4  expired on January 10, 2010. Petitioner did not file his habeas petition until March 3, 2011

5  – almost 14 months after the statute of limitations had expired.

6      The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably

7  tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United

8  States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other

9  grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).

10 Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control

11 make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063,

12 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under

13 AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When

14 external forces, rather than a petitioner's lack of diligence, account for the failure to file a

15 timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.

16 Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must

17 establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

18 extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also

19 establish a "causal connection" between the extraordinary circumstance and his failure to file

20 a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.

21 2007).

22     Petitioner does not set forth any grounds for equitable tolling in his habeas petition.

23 In any event, a petitioner's *pro se* status, ignorance of the law, and lack of representation

24 during the applicable filing period do not constitute extraordinary circumstances justifying

25 equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro*

26 *se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

27 warranting equitable tolling."). Accordingly, Petitioner is not entitled to equitable tolling and

28 his habeas petition is therefore untimely.

1

**CONCLUSION**

2       Having determined that Petitioner's habeas petition is untimely, the Court will

3 recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and

4 dismissed with prejudice.

5       **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of

6 Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**

7 **PREJUDICE**;

8       **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

9 to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is

10 justified by a plain procedural bar and jurists of reason would not find the procedural ruling

11 debatable.

12 \\\

13 \\\

14 \\\

15 \\\

16 \\\

17 \\\

18 \\\

19 \\\

20 \\\

21 \\\

22 \\\

23 \\\

24 \\\

25 \\\

26 \\\

27 \\\

28 \\\

1        This recommendation is not an order that is immediately appealable to the Ninth

2   Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3   Appellate Procedure, should not be filed until entry of the district court's judgment. The

4   parties shall have fourteen days from the date of service of a copy of this recommendation

5   within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);

6   Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen

7   days within which to file a response to the objections. Failure timely to file objections to the

8   Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

9   and Recommendation by the district court without further review. See United States v.

10  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any

11  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

12  to appellate review of the findings of fact in an order or judgment entered pursuant to the

13  Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

14       DATED this 6th day of October, 2011.

15

16                    _Michelle H. Burns_

17                     Michelle H. Burns
                 United States Magistrate Judge